ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| POPULAR AUTO, LLC<br><br>Peticionario<br><br><br>v.<br><br><br>CARMEN M. MIRANDA ALVARDO, ET ALS<br><br>Recurrida | KLCE202401248 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br>_____<br>Caso Núm.: CO2024CV00347<br>Sala: Salón 1<br>_____<br>SOBRE: COBRO DE DINERO- ORDINARIO |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2025

Comparece Popular Auto, LLC ("Popular Auto" o "Recurrente") mediante recurso de *certiorari* y solicita que declaremos "*No Ha Lugar*" la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Coamo ("foro primario" o "foro recurrido"). En esa ocasión, el foro recurrido declaró "*No Ha Lugar*" la Moción de Reconsideración presentada por Popular Auto y le ordenó el pago de costas y honorarios de abogado.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari*, se **revoca** la determinación recurrida y se devuelve el caso al foro primario para los trámites ulteriores conforme a lo aquí expresado.

-I-

El 30 de junio de 2022, Popular Auto presentó una *Demanda[1]* contra Diana I. Ortíz Miranda y Carmen M.

_____

[1] Véase Apéndice 20 del recurso de *certiorari*, pág. 50.

Número Identificador

SEN2025_____

Miranda Alvarado por incumplimiento a un contrato de arrendamiento financiero. Sin embargo, posterior a la presentación de la Demanda, la señora Diana I. Ortíz Miranda falleció. Cabe señalar que, al emplazar a la Sucesión Ortíz Miranda, el Tribunal determinó que uno de los herederos no fue emplazado conforme a derecho.[2] Por lo tanto, a fin de "*asegurar la validez de una futura sentencia*"[3], el Recurrente optó por desistir del pleito original. En la *Sentencia*[4] de desistimiento, el foro primario advirtió que cualquier demanda futura sobre el mismo asunto podría conllevar la imposición de costas y honorarios de abogado del pleito desistido. Así las cosas, el 31 de julio de 2024, Popular Auto presentó la *Demanda*[5] nuevamente. En esta ocasión contra Carmen M. Miranda Alvarado y la Sucesión de Diana I. Ortíz Miranda. El 15 de agosto de 2024, la señora Carmen M. Miranda Alvarado ("Recurrida" o "Sra. Miranda") presentó su *Contestación a la Demanda y Solicitud de Remedio*[6] solicitando la imposición de costas y honorarios de abogado conforme a lo dispuesto en la Sentencia del caso original.

Conforme a lo anterior, el 20 de agosto de 2024, el foro recurrido emitió una *Resolución*[7] ordenándole a Popular Auto el pago de $90 por concepto de costas y $1,500.00 en honorarios de abogado. Sin embargo, el Recurrente considera que algunos de los honorarios reclamados corresponden a trabajos que podían ser reutilizados en el presente caso. Por tal razón,

---

[2] Véase Entrada #55 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase recurso de *certiorari*, pág. 3.
[4] Véase Apéndice 21 del recurso de *certiorari*, pág. 52.
[5] Véase Apéndice 1 del recurso de *certiorari*, págs. 1-17.
[6] Véase Apéndice 3 del recurso de *certiorari*, págs. 19-21.
[7] Véase Apéndice 10 del recurso de *certiorari*, pág. 10.

presentó una *Moción de Reconsideración*[8] en la que, citando al tratadista Cuevas Segarra, alega que "*el Tribunal debe distinguir entre los gastos y honorarios de abogado por trabajo que no tiene ulterior valor luego del desistimiento y aquel [sic] que puede utilizarse una vez se vuelva a presentar la acción. Sólo el que no es reutilizable puede imponerse.*"[9] Así, solicitó que la Parte recurrida sometiera un desglose de los honorarios reclamados. En respuesta a ello, la Sra. Miranda presentó una *Moción en Cumplimiento de Orden*[10] en la cual desglosó detalladamente las horas y conceptos facturados. Posteriormente, Popular Auto presentó una *Réplica A: Moción En Cumplimiento De Orden*[11] objetando ciertos cargos que consideraba reutilizables en el presente litigio, por lo que solicitó su eliminación. El 7 de noviembre de 2024, el foro recurrido emitió una *Orden Reconsideración*[12] denegando la solicitud de reconsideración del Recurrente y manteniendo la imposición de costas y honorarios de abogado. Inconforme con dicha determinación, Popular Auto acude ante nos mediante recurso de *certiorari* y alega los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER $1,500.00 EN HONORARIOS DE ABOGADO A LA PARTE DEMANDANTE, **DEMANDANTE-RECURRENTE,** SIN REALIZAR UN ANÁLISIS ADECUADO SOBRE LA NATURALEZA DE LOS SERVICIOS FACTURADOS. SE INCLUYERON TRABAJOS QUE NO SOLO [SIC] ERAN REUTILIZABLES EN EL PRESENTE CASO, SINO TAMBIÉN HONORARIOS POR ASUNTOS NO RELACIONADOS DIRECTAMENTE CON EL LITIGIO ACTUAL, SINO VINCULADOS A LA HERENCIA DE LA SUCESIÓN DE DIANA I. ORTIZ [SIC] MIRANDA. ESTA IMPOSICIÓN ES CONTRARIA A LA **REGLA 39.4 DE PROCEDIMIENTO CIVIL,** QUE SOLO [SIC]

---

[8] Véase Apéndice 11 del recurso de *certiorari*, págs. 34-35.
[9] Véase Apéndice 11 del recurso de *certiorari*, pág. 34.
[10] Véase Apéndice 13 del recurso de *certiorari*, págs. 37-39.
[11] Véase Apéndice 15 del recurso de *certiorari*, págs. 41-43.
[12] Véase Apéndice 19 del recurso de *certiorari*, pág. 49.

PERMITE LA RECUPERACIÓN DE HONORARIOS POR TRABAJOS NO REUTILIZABLES.

ERRÓ EL TRIBUNAL AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR DEMANDANTE-RECURRENTE, EN LA QUE SOLICITÓ UN DESGLOSE ESPECÍFICO DE LOS HONORARIOS FACTURADOS POR LA PARTE DEMANDADA. EL RECURRENTE SEÑALÓ QUE, ADEMÁS DE LOS TRABAJOS REUTILIZABLES EN EL PRESENTE CASO, LA PARTE DEMANDADA INCLUYÓ EN SU RECLAMACIÓN TAREAS RELACIONADAS CON LA GESTIÓN DE LA HERENCIA, LO QUE NO CORRESPONDE CON LOS TÉRMINOS DE LA SENTENCIA EMITIDA NI CON LOS PRINCIPIOS QUE RIGEN LA IMPOSICIÓN DE HONORARIOS BAJO LA REGLA 39.4.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER HONORARIOS ADICIONALES A LOS ARANCELES POR LA RADICACIÓN DE LA DEMANDA, CUANDO **TODOS LOS HONORARIOS SOLICITADOS ERAN POR TRABAJOS REUTILIZABLES EN EL NUEVO CASO O NO RELACIONADOS CON EL LITIGIO QUE NOS OCUPA.**

El 2 de diciembre de 2024, la Parte recurrida acudió ante esta Curia mediante *Escrito En Cumplimiento a Requerimiento Según Orden Emitida El 21 de Noviembre de 2024.* En síntesis, alega que el planteamiento del Recurrente se hizo de forma tardía, ya que pretende impugnar la determinación del foro primario en el caso original -CO2023CV00212- el cual fue desistido, a través del caso actual -CO2024CV00347-.

-II-

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[13]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[14], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del foro de instancia

---

[13] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[14] 32 LPRA Ap. V, R. 52.1.

mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, *supra*, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar

a la apelación constituiría un fracaso irremediable de la justicia.[15]

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[15] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[16]

Sólo podremos intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[17] Aun cuando determinar si un tribunal ha abusado de su discreción no es tarea fácil ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.[18]

**B.**

La Regla 39.4 de Procedimiento Civil dispone, en parte pertinente, lo siguiente:

Si una parte demandante que ha desistido una vez de un pleito comienza otro basado en o que incluya la misma reclamación contra la misma parte demandada, el tribunal podrá dictar la orden que estime conveniente para el pago de las costas u honorarios de abogado del pleito desistido y podrá suspender los procedimientos en el nuevo pleito hasta tanto la parte demandante haya cumplido con dicha orden.[19]

A tenor con lo anterior, el Profesor Cuevas Segarra expresó lo siguiente:

El tribunal debe distinguir entre los gastos y honorarios de abogado por trabajo que no tiene ulterior valor luego del desistimiento y aquel que puede utilizarse una vez se vuelva a presentar la acción. Sólo el que no es utilizable puede imponerse.[20]

Esta regla va dirigida a disuadir el "*fórum shopping*" y la litigación viciosa. Es un asunto discrecional, pues aún cuando el

---

[16] Véase Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[17] *Rivera Durán v. Bco. Popular*, 152 DPR 140, 155 (2000).
[18] *Íd*.
[19] 32 LPRA Ap. V, R. 39.4.
[20] J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, T. II, 2000, págs. 650-651.

demandado no necesita probar la mala fe para recobrar, el tribunal puede rehusar imponerlos si existía una buena razón para el previo desistimiento, o que el demandante no pueda pagarlas.[21]

-III-

Según hemos señalado, la Regla 39.4 de Procedimiento Civil provee para la imposición de costas y honorarios de abogado, a discreción del tribunal, cuando se insta un pleito que ha sido desistido sin perjuicio y que radica en los mismos fundamentos y contra la misma parte. Así, la reglamentación pretende darle la facultad al foro de instancia de tomar alguna medida ante situaciones como estas. Además, le concede la potestad discrecional para paralizar los procedimientos hasta que el demandante satisfaga el pago de la cuantía impuesta.

En el caso de autos, Popular Auto desistió sin perjuicio del pleito incoado y posteriormente lo presentó nuevamente. A tenor con la reglamentación aplicable, el foro primario tenía la facultad para imponerle al Recurrente costas y honorarios de abogados y así lo hizo. Ahora bien, tal y como indicamos en el acápite dos de este escrito, dicha determinación se debe hacer luego de distinguir entre los gastos y honorarios de abogado que pueden ser reutilizables en un pleito posterior y aquellos que no lo son.

Según se desprende de los autos del caso, el foro primario le impuso al Recurrente el pago de $90 por concepto de costas y $1,500.00 de honorarios de abogado. Sin embargo, dicha determinación no vino acompañada de

---

[21] J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2011, 2da. ed., Tomo III, Publicaciones JTS, pág. 1163.

un análisis sobre el trabajo realizado a fin de evaluar cuáles de estos pueden ser reutilizados en el presente caso. Si bien es cierto que nuestro ordenamiento jurídico le concede al foro de instancia la facultad de imponer costas y honorarios de abogado a una parte conforme a la Regla 39.4, *supra*, ello no puede hacerse de manera irreflexiva.

A la luz de los fundamentos antes expresados, le corresponde al foro primario llevar a cabo un análisis de los trabajos realizados por la parte recurrida en el caso que fue desistido -CO2023CV00212- y determinar cuáles de estos no pueden ser reutilizados en el presente caso. Sólo aquellos que no puedan ser reutilizados, le serán compensados a la Sra. Miranda.

-IV-

Por los fundamentos que anteceden, se expide el auto de *certiorari*, se **revoca** la determinación recurrida y se devuelve el caso al foro primario para que actúe de conformidad con nuestra decisión.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*